# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

EDDIE LEE WRIGHT,

       Plaintiff,

vs.                                    CASE NO. 3:12-cv-1007-J-32TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.[1]

_____

## REPORT AND RECOMMENDATION[2]

       This case comes before the Court for a report and recommendation on Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(h)(3) (Doc. #5, "Motion to Dismiss"). Plaintiff Eddie Wright (hereafter "Wright" or "Plaintiff") filed a response opposing the Motion to Dismiss (Doc. #7, "Response"). With the Court's permission, Defendant (hereafter "the Commissioner") filed a reply brief (Doc. #12, "Reply") and Plaintiff filed a sur-reply brief (Doc. #13, "Sur-Reply"). This matter is therefore ripe for the Court's consideration. For the reasons stated below, it is recommended the Motion to Dismiss be **DENIED** and the decision of the Commissioner to dismiss Wright's disability claim be **AFFIRMED**.

_____

      [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      [2]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The Commissioner argues the Court does not have jurisdiction to consider this matter because Wright failed to exhaust his administrative remedies with respect to his claim for benefits and has not received a "final decision" entitling him to judicial review. Motion to Dismiss at 1.  Wright, on the other hand, brought this case seeking federal court review of both  the Appeals Council decision that denied Wright's request for review of the dismissal decision entered by Administrative Law Judge ("ALJ") Droker, and ALJ Droker's decision to dismiss dated August 27, 2010 (Doc. #1, "Complaint" at 1).  Wright argues he did exhaust his administrative remedies.  Response at 1.  To support this position, Wright maintains his administrative exhaustion is evidenced by the decision of the Appeals Council that denied his request for review of the ALJ's dismissal and the Appeals Council letter in which Wright was granted an additional thirty days to file a civil action in federal court.  *See id.* at 1, 6-7.[3]

## Background

Wright filed an application for disability insurance benefits ("DIB"), which was denied initially on December 20, 2007, and on reconsideration on June 3, 2008.  Motion to Dismiss at 1.[4]  On April 16, 2010, Wright contacted the Social Security Administration to request a

---

[3]The August 14, 2012 letter of the Appeals Council enlarging the time for Wright to file a federal action is found at pages 6-7 of the Response.

[4]The facts in this section are drawn from the attachments to the Commissioner's Motion to Dismiss.  The facts are supported by the Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Also contained within the attachments to the Motion to Dismiss are: (1) the electronic Request for Hearing by Administrative Law Judge referencing Wright's verbal request for hearing on April 16, 2010; (2) the Notice of Dismissal dated August 27, 2010; (3) the ALJ's Order of Dismissal dated August 27, 2010; (4) Wright's written Request for Review of Hearing Decision/Order (continued...)

hearing before an administrative law judge to review the reconsideration denial of his application.  This request was electronically entered into the record of Wright's disability application on June 18, 2010.  This request was made approximately two years after the decision on reconsideration, and well beyond the sixty day limit for timely seeking an administrative hearing.  *See* Herbst Declaration at 2; see *also* 20 C.F.R. § 404.933 (b)(1) (specifying the request must be filed within sixty days after the date the claimant receives notice of the reconsideration decision).

The ALJ denied Wright's request for a hearing as untimely on August 27, 2010.  In denying Wright's hearing request, the ALJ specifically found Wright had not established good cause for missing the deadline.  Wright appealed this denial to the Appeals Council and filed a letter on October 25, 2010, in which he stated he was unaware of "the hearing" due to health problems and he was not in "immediate communication" with his attorney.[5] Wright does not state in the letter whether he was in contact with his attorney at the time the decision on reconsideration was received.  Wright did, however, discuss his impairments in this letter.  Those impairments, according to Wright, include back aches that

---

[4](...continued)
dated October 26, 2010; (5) Wright's letter to the Appeals Council dated October 25, 2010; (6) the Notice of the Appeals Council Action dated February 3, 2012; and, (7)  and letter of the Appeals Council dated August 14, 2012. For ease of review, the Court will refer to these attachments by the captions noted thereon.  In neither his Response, nor his Sur-Reply did Wright include a separate statement of facts or contest  the facts set forth by the Commissioner.  Instead, Wright challenges the interpretation of these facts and the legal conclusions drawn therefrom.

[5]The letter was filed individually by Wright and not through counsel.  However, the Court notes attorney Cindy Denker was copied on ALJ Droker's Notice of Dismissal dated August 27, 2010.  It is not clear to what "hearing" Wright is referring in his letter to the Appeals Council.

cause Wright to fall over in pain and loss of sensation that causes Wright to fall out of chairs.  The Appeals Council affirmed the ALJ's dismissal decision on February 3, 2012.  The case is now before the Court on the Complaint in which Wright, through current counsel, appeals the decisions of the ALJ and the Appeals Council.

## **Motion to Dismiss**

The Commissioner moves to dismiss Wright's appeal for lack of subject matter jurisdiction, asserting Wright failed to exhaust his administrative remedies with respect to the claim for benefits; thus, the Court does not have subject matter jurisdiction because there is no final decision.  For the reasons stated herein, the undersigned is not persuaded.

### ***Standard of Review***

When challenging subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as here, a party may make either a facial attack or a factual attack.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990).  "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations omitted).  Factual attacks challenge the very existence of subject-matter jurisdiction, irrespective of the pleadings.  *Id.*  Here, the Commissioner argues the Court is without authority to consider the complaint.  With this factual attack to the Court's subject matter jurisdiction, materials outside the pleadings, such as testimony and affidavits, may be considered.  *See id.* (citations omitted).  If the Court lacks subject matter jurisdiction, it must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

### *Analysis*

In this case, Wright seeks review of both the ALJ's decision and the Appeals Council's denial of review of the ALJ's decision. *See generally*, Complaint. The authority for judicial review of a decision of the Commissioner of Social Security is set forth in 42 U.S.C. § 405(g). Section 405(g) limits a federal district court's review of claims for disability insurance benefits arising under Title II of the Social Security Act. A district court does not have subject matter jurisdiction over such an appeal of the Commissioner's decision unless the party seeking review has exhausted his or her administrative remedies as set forth in the Social Security Act. A civil action may be brought only after: (1) the claimant has been party to a hearing held by the Commissioner of Social Security; and, (2) the Commissioner has made a final decision on the claim. *See* 42 U.S.C. § 405(g). A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988).

Wright's application was denied initially on December 20, 2007, and after reconsideration on June 3, 2008. Wright did not request a hearing on this DIB application until April 16, 2010. ALJ Droker dismissed Wright's hearing request as untimely, because the request was not filed within the sixty day time limit required under 42 U.S.C. 405. *See* Order of Dismissal. Wright then appealed the ALJ's dismissal of his case to the Appeals Council, which affirmed the decision of the ALJ. *See* Notice of Appeals Council Action. Thus, Wright has received (1) an initial determination, (2) a reconsideration determination, (3) a decision by the ALJ, and (4) review by the Appeals Council. The Commissioner

5

argues Wright's claim should be dismissed because Wright has not had a physical hearing before the ALJ.  Motion to Dismiss at 5.  In making this argument the Commissioner relies on two Fifth and Sixth Circuit cases, but ignores *Bloodsworth v. Heckler,* which is still binding precedent in the Eleventh Circuit.  *See Macheski v. Leavitt*, No. 4:06-CV-85(CDL), 2007 WL 2710466, at *3-4 (M.D. Ga. Sept. 13, 2007).[6]

In *Bloodsworth*, the plaintiff was denied disability benefits initially and on reconsideration.  *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983).  After an administrative hearing, the plaintiff was again denied benefits.  *Id.*  Bloodsworth then appealed the ALJ decision to the Appeals Council; however his appeal was not filed timely.  *Id.*  The Appeals Council denied Bloodsworth's request and he filed a complaint in federal court appealing both the decision of the ALJ and of the Appeals Council.  *Id.*  The Commissioner argued the district court lacked jurisdiction to review Bloodsworth's case because there was no final decision at the administrative level.  *Id.* at 1235.  The court disagreed, stating "the Appeals Council decision not to review finalizes the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g)."  *Id.*  Additionally, the court found the Commissioner's argument "that an Appeals Council denial of a request to review for reason of untimeliness is neither 'final' because it is not 'made after a hearing' because the request itself is not heard," made

---

[6]Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

linguistic but not legal sense.  *Id.*  Thus, the court found the Appeals Council decision was a final decision and the court had subject matter jurisdiction.  *Id.* at 1239.

Although in *Bloodsworth* the plaintiff had a hearing before the ALJ, district courts in the Eleventh Circuit have found the "hearing requirement" is not determinative, and does not necessarily preclude judicial review.  As noted in *Pizarro v. Comm'r of Soc. Sec*, No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389 (M.D. Fla.  Jan.  24, 2013), several courts have broadly construed section 405(g) to permit judicial review in limited circumstances, including "where taking jurisdiction would not circumvent an orderly administrative mechanism or contravene a congressional policy regarding the timing of judicial review as in *Califano v. Sanders*, 430 U.S. 99, ... the exercise of jurisdiction is proper."  *Id.* at *4 (internal quotations and citations omitted).  The *Pizarro* court found it had jurisdiction to review the plaintiff's social security disability appeal, despite the lack of a "final decision ... after a hearing" and the failure to exhaust administrative remedies.  *Pizarro*, 2013 WL 869389 at *4-5.[7]

Under the Commissioner's argument here, Wright did not exhaust his administrative remedies despite having followed, even if belatedly, all steps in the requisite administrative review.  Motion to Dismiss at 3. This argument creates the proverbial "catch 22" for the claimant.  On the one hand, if the Court accepted this argument, a plaintiff in this posture would be forever foreclosed from seeking disability benefits *under a particular application* because he had exhausted his administrative remedies by going through the required

---

[7]The report and recommendation found at *Pizarro v. Comm'r of Soc. Sec*, 2013 WL 869389 at *1-10, was adopted by the District Court at *Pizarro v. Comm'r of Soc. Sec.*, No. No. 6:12–cv–801–Orl–37DAB, 2013 WL 847331 (M.D. Fla. Mar 07, 2013).

levels of administrative review and thus, no further administrative review would be possible. Yet, on the other hand, under the Commissioner's argument this plaintiff could not seek judicial review because he had not exhausted his administrative remedies with respect to a final decision. *See Pizarro*, 2013 WL 869389 at *4 (citing to *Macheski v. Leavitt*, 2007 WL 2710466, at *4, for the proposition that adoption of the defendant's failure to exhaust argument would leave the plaintiff with no recourse whatsoever). The Eleventh Circuit has addressed such an untenable position saying it makes "linguistic but not legal sense." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

This Court additionally finds the case of *Counts v. Comm'r of Soc. Sec.,* to be persuasive. In *Counts*, the plaintiff filed for benefits and was denied initially and on reconsideration. *Counts v. Comm'r of Soc. Sec.,* No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498, *1 (M.D. Fla. Dec. 15, 2010). The plaintiff then filed an untimely request for a hearing before the ALJ, from which the ALJ dismissed the plaintiff's case without a hearing. *Id.* The plaintiff appealed to the Appeals Council, which affirmed the decision of the ALJ. *Id.* The plaintiff then filed an appeal of the ALJ and Appeals Council's decision in district court. *Id.* The Commissioner in *Counts* moved to dismiss for lack of subject matter jurisdiction, arguing because there was no "hearing" in the case, the plaintiff did not exhaust all his administrative remedies as outlined by the statute. *Id.* Counts argued he did exhaust all of his administrative remedies and that he did not have notice of the decision on reconsideration. *Id at* *2. Relying on *Bloodsworth,* the court found the hearing prerequisite had been waived by the ALJ and the Appeals Council, as neither chose to offer the plaintiff a hearing and therefore must have been satisfied no further review was required. *Id* at *5.

The significant difference between *Counts* and the instant case is the plaintiff in *Counts* claimed he was not notified of the Social Security Administrations' denial of his disability claim upon reconsideration, and therefore was unable to request a hearing before the ALJ within the requisite sixty days.[8] *Id* at *1.  In our case, Plaintiff Wright has made no such allegation.   However, this factual distinction was not wholly determinative in the analysis of the *Counts* court. The court in *Counts* determined the decision by the Appeals Council to deny review of the ALJ's decision to dismiss as untimely finalized the action and was a proper exhaustion of administrative remedies by the plaintiff.  *Id.*  Therefore, the court found it had subject matter jurisdiction over the federal claim.  *Id.*

In *Macheski v. Leavitt,* the court applied *Bloodsworth* in a similar manner.  *See Macheski v. Leavitt*, 2007 WL 2710466 at *1.  The facts of *Macheski* mirror the instant case.  In *Macheski*, the plaintiff applied for disability benefits, which were denied initially and on reconsideration.  *Id.*  Macheski failed to seek a hearing before an ALJ within the required sixty days, and the ALJ dismissed the claim.  *Id.*  Macheski sought review of the dismissal with the Appeals Council, which affirmed the ALJ's decision.  *Id.*  Macheski then sought review by the federal district court of the Commissioner's denial.  *Id.*  The Commissioner argued in *Macheski* that because there was no administrative hearing in the case the plaintiff had failed to exhaust his administrative remedies and the court did not have subject matter jurisdiction.  *Id.* at *2.  Stating it conceivably could strain to distinguish *Bloodsworth* from *Macheski* by pointing out that the Eleventh Circuit addressed only the

---

[8]Although Plaintiff states in his letter to the Appeals Council that he was "unaware" of the hearing he offers no factual allegations to support a claim that he did not receive notice.

finality language of section 405(g) and not the hearing requirement in *Bloodsworth*, the court found such action would not make logical sense. *Id.* at *4. The court remarked it could not faithfully apply *Bloodsworth* and grant the defendant's motion to dismiss. *Id.* Utilizing the reasoning in *Bloodsworth,* the court found Macheski had exhausted his administrative remedies even though no hearing had occurred. *Id.*

Following the reasoning in *Macheski* and *Counts*, the undersigned respectfully recommends the District Court find the lack of an administrative hearing in this case is not fact determinative. The undersigned further recommends the District Court find the decision of the Appeals Council declining to review the ALJ's dismissal finalized the Commissioner's decision to deny Wright's application for disability benefits and thereby gives the Court jurisdiction over the instant case.

### Substantial Evidence of the ALJ's Decision to Dismiss

The Court now turns its attention to whether substantial evidence supports the ALJ's dismissal of the case for failure to timely file a request for an administrative hearing.[9] The ALJ's dismissal of Wright's disability claim at the administrative hearing stage is a *de facto* denial of disability benefits under the application at issue. *Cf. Macheski v. Leavitt*, 2007 WL 2710466 at *5 (referring the disability appeal to the magistrate judge for a report and recommendation on the merits of the plaintiff's claim that the ALJ erred in finding there was no good cause for the untimely request for an administrative hearing).

---

[9]The Appeal Council's determination of no cause to review the ALJ's decision, makes the ALJ's decision to dismiss the final decision of the Commissioner. *See* 20 C.F.R. § 404.981 (if the request for review is denied by the Appeals Council, the ALJ's decision becomes binding).

The scope of this Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner applied the correct legal standards, and whether the findings are supported by substantial evidence.  *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

An ALJ may dismiss a request for a hearing under a number of reasons specifically set forth in the regulations.  20 C.F.R. § 404.957.  With regard to Mr. Wright's disability application, under the regulations, the ALJ could dismiss for Wright's failure to request a hearing within the stated time period, unless that sixty day window had been enlarged pursuant to a requested extension of time in which Wright showed he had good cause for missing the deadline.  *See* 20 C.F.R. §§ 404.957(c)(3), 404.933(c).  In dismissing Wright's case, ALJ Droker found the written request for a hearing was untimely and Wright "had not established good cause for missing the deadline to request a hearing."  Order of Dismissal at 1.

The ALJ's dismissal of the case will be supported by substantial evidence if Wright failed to establish "good cause" to support his untimely request for a hearing.  In the letter to the Appeals Council, Wright stated he "was not aware of the hearing as [his] health is terrible," and he was "not in immediate communication with [his] attorney" at that time. *See*

11

Wright's Written Request for Review of Hearing Decision/Order and Wright's letter to the

Appeals Council.  However, this letter was dated October 25, 2010, and does not offer any

reason why Wright did not timely request a hearing before an ALJ when his application was

denied on reconsideration on June 3, 2008.  Motion to Dismiss at 1.  The regulations

provide four factors to evaluate when a court is determining whether good cause exists for

missing the statutory deadline. These include: (1) what circumstances prevented the

claimant from making the request on time; (2) whether any action by the Social Security

administration misled the claimant; (3) whether the claimant did not understand the Act or

his rights under it, and; (4) whether any physical, mental, or educational limitations

prevented the claimant from filing the timely request.   20 C.F.R. § 404.911(a).   In the

instant case: (1) the claimant states he was prevented from making the request on time due

to his illness; (2) there is no evidence to support any misleading action on behalf of the

Social Security Administration; (3) the claimant does not assert he did not understand the

Act; and (4) the only limitation the claimant asserts is his back pain and he does not offer

any explanation as to how his back pain has prevented himself or his attorney from filing

within the statutory period.  *See* Wright's letter to the Appeals Council.

Additionally, the regulations provide a nonexclusive list of possible reasons for

missing a deadline to timely file a request for review. These reasons include:

> (1) You were seriously ill and were prevented from contacting us in person,
> in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental
> cause.
> (4) You were trying very hard to find necessary information to support your
> claim but did not find the information within the stated time periods.
> (5) You asked us for additional information explaining our action within the
> time limit, and within 60 days of receiving the explanation you requested

reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.

(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7) You did not receive notice of the initial determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. § 404.911(b).  Good cause for failure to timely file is not frequently found.

See, e.g., Coby v. Astrue, No. 09-0544-CG-M, 2009 WL 4730727, at *2 (S.D. Ala. Dec. 4, 2009) (finding the claimant's mistake in sending his complaint to the United States Attorney's office instead of the court was an understandable mistake to merit good cause).

The only applicable scenario in this case is Wright's assertion of a serious illness. However, this reason was not presented to the Social Security Administration until two years after the decision denying reconsideration of Wright's DIB application, and it does not explain how illness or Wright's back pain prevented him from timely filing a request for a hearing, particularly in view of the two year lapse.  Furthermore, Wright did not provide sufficient information to determine if he was represented by counsel or proceeding pro se at the time he received the notice denying reconsideration of his application.[10]  Nor does Wright assert he did not timely receive the Commissioner's denial of the DIB application during reconsideration of the initial determination.  Thus, Wright failed to set forth facts upon which ALJ Droker could find good cause to excuse Wright's untimely request for a

_____

[10]As noted earlier, Wright was apparently represented by legal counsel in some capacity as of August 2010.  The ALJ's Notice of Dismissal was sent  also to attorney Cindy Renker, as was the Notice of Appeals Council Action.

hearing. The undersigned finds substantial evidence supports the ALJ's decision to dismiss Wright's disability application at the hearing stage due to Wright's failure to establish good cause for the untimely request. The undersigned therefore recommends the decision to dismiss be **AFFIRMED.**

## CONCLUSION

For the aforementioned reasons, the undersigned respectfully recommends Defendant's Motion to Dismiss be **DENIED**, the Court accept subject matter jurisdiction of this case pursuant to *Bloodsworth*, and the Commissioner's decision to dismiss Wright's disability application due to the untimely request for an administrative hearing be **AFFIRMED.**

**DONE AND ENTERED** at Jacksonville, Florida this 3rd day of May, 2013.

Copies to:

The Hon. Timothy J. Corrigan

Counsel of Record

THOMAS E. MORRIS
United States Magistrate Judge